IN THE SUPERIOR COURT
OF GUAM

FILED
SUPERIOR COURT

2012 MAR -9 PM 1:36

CLERK OF COURT
BY

PEOPLE OF GUAM,                    )        Criminal Case no. CF0236-11
                                   )
                                   )
        v.                         )
                                   )        **DECISION AND ORDER**
                                   )        re: Motion for Diversion
CHRISTOPHER RICO ACOSTA,           )
                                   )
                                   )
              Defendant.           )

## INTRODUCTION

This matter came before the Honorable Judge Michael J. Bordallo on February 10, 2012. The People were represented by Assistant Attorney General Elizabeth S. Vasiliades. The Defendant was represented by Assistant Public Defender Maria G. Fitzpatrick. After considering the matter presented, the Court now issues the following decision and order granting the Defendant's motion for diversion.

## BACKGROUND

On May 12, 2011, Defendant was indicted for Family Violence (as a misdemeanor) and Criminal Mischief (as a 3rd degree felony). The indictment alleges that on or about May 2, 2011, the Defendant recklessly placed a family member or household member in fear of bodily injury. The People's declaration indicates that on May 2, 2011, the Defendant and his ex-girlfriend, the alleged victim, were verbally arguing, and as the alleged victim was leaving in her vehicle, the Defendant began kicking and punching her vehicle.

## DISCUSSION

The Court has jurisdiction of this matter under 9 GCA § 30.80. The Defendant moves for diversion under 9 GCA § 30.80(e), which states that "any defendant who is not specifically ineligible for the diversion process pursuant to subsection (a) of this § 30.80 may apply to the court, by noticed motion for an order granting diversion."

Defendant argues that under 9 GCA § 30.80 (e) he is not statutorily ineligible for diversion. Defendant argues that diversion may be granted herein because he is accused of having committed a criminal act against a family or household member. Defendant argues that because the alleged victim is his ex-girlfriend, she falls within the definition of a family or household member as provided in 9 GCA § 30.10. Further, Defendant asserts that in applying the statutory factors for the Court's consideration, the Court will find that Defendant is a proper candidate for diversion. Defendant argues that there was no serious bodily injury, there was no prior history of family violence, and there are no factors which would adversely influence the likelihood of successful completion of diversion.

In the present case, the alleged victim is his ex-girlfriend which allows her to fall within the definition of a family or household member as provided in 9 GCA § 30.10. The Court also notes that certain considerations do weigh in favor of granting diversion. For example, nothing indicates that Fernandez has engaged in any prior incidents of family violence or that any factors exist which would adversely influence the likelihood of successful completion of the diversion process. Furthermore, nothing indicates that the victim sustained actual injuries as a result of Defendant's conduct. As such, the court finds that the defendant is eligible for diversion and is a person who would be benefited by diversion.

**CONCLUSION**

Based on the foregoing, Defendant's motion for diversion is GRANTED. The hearing to set forth the conditions of diversion shall be held on _April 24_ , 2012 at _11: 0 0cm_

SO ORDERED, this _9th_ day of _April_ 2012.

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

Page 2 of 2

I hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam. Dated at Hagåtña, Guam

APR 09 2012

James R. Boria